UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ILYA KRAVETS and ELEONORA ROSINA,

                        Plaintiffs,

-against-

STEVEN A. TORRES and ELRAC, INC. d/b/a
ENTERPRISE RENT-A-CAR,

                        Defendants.
-----------------------------------------------------------X

Civil No. CV 04-3398

NOTICE TO
FEDERAL COURT
OF REMOVAL OF CIVIL
ACTION FROM STATE COURT

GARAUFIS, J.

TO: THE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF NEW YORK

Defendants, STEVEN A. TORRES and ELRAC, INC. i/s/h/a ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, by their attorneys, BRAND GLICK & BRAND, ESQS., respectfully represent as follows:

1. On or about July 2, 2004, the plaintiff commenced an action supported by a Complaint, entitled <u>Ilya Kravets and Eleonora Rosina v. Steven A. Torres and Elrac, Inc. d/b/a Enterprise Rent-A-Car,</u> in the New York State Supreme Court, County of Kings, Index No. 21414/04. A true and correct copy of the Complaint is annexed hereto as Exhibit "A".

2. On or about July 23, 2004, ELRAC, INC. i/s/h/a ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, was served with a copy of the Summons and Complaint via service upon the Secretary of State. It is not known whether STEVEN A. TORRES received notice of same.

3. The above-entitled State Court action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed pursuant to the provisions of 28 U.S.C. §1441, in that it is a civil action, wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. As set forth in the Complaint, the plaintiffs bring a claim for both personal injuries and other related damages allegedly caused by the negligence of the defendants in a motor vehicle accident that occurred in Kings County, State of New York. Plaintiffs seek monetary damages in

a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein..

5. As alleged in the Complaint, plaintiffs reside in Kings County. Defendant TORRES resides in Chicago, Illinois. . Defendant ELRAC, INC. is incorporated in the State of Delaware; its principal place of business is in New Jersey..

6. It is clear then, that diversity of citizenship is established.

7. This Petition for removal is being filed within thirty (30) days after service of the Summons and Complaint upon defendants, and it is therefore timely filed under 28 U.S.C. §1446(b).

WHEREFORE, defendants pray that the above action now pending against them in the Supreme Court of the State of New York, County of Kings be removed therefrom to this Court.

DATED: Garden City, New York
August 5, 2004

STEVEN A. TORRES and ELRAC, INC.
d/b/a ENTERPRISE RENT-A-CAR
By their attorneys:

BRAND GLICK & BRAND, ESQS.

By: _____
ROBERT A. GLICK (RG 8081)
100 Ring Road West
Garden City, New York 11530
(516) 746-3500

08/03/04  14:53 FAX 440 814 2291          UFAC-CLAIMS                                    ☐008
Case 1:04-cv-03398-NGG-JO   Document 1   Filed 08/09/04   Page 3 of 11 PageID #: 3

07/30/04  12:04 FAX                                                              ☐003/008

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------X
ILYA KRAVETS and ELEONORA ROSINA,

                Plaintiffs,

-against-

STEVEN A. TORRES and ELRAC, INC. d/b/a
ENTERPRISE RENT-A-CAR,

                Defendants.
----------------------------------------X

Index No.: 21414/04
Filed: 7-7-04

Plaintiffs designate Kings
County as the place of trial

The basis of venue is:
Plaintiffs' residence

**SUMMONS**

Plaintiffs reside in:
Brooklyn, New York 11235

To the above named Defendants:

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer on the Plaintiffs' attorneys within twenty days after the service of this summons and complaint, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
       July 2, 2004

                      Yours, etc.

                      RAPPAPORT, GLASS, GREENE & LEVINE, LLP
                      Attorneys for Plaintiffs

                      By: _____
                           MICHAEL S. LEVINE
                      445 Broad Hollow Road
                      Melville, New York 11747
                      (631) 293-2300

TO:    STEVEN A. TORRES
        54 E. Scott Street, Apt 204
        Chicago, IL 60610

        ELRAC, INC.
        d/b/a ENTERPRISE RENT-A-CAR
        c/o Secretary of State

SEND TO YOUR INSURANCE CO. PROMPTLY

PAGE 3/8 * RCVD AT 7/30/04 1:06:09 PM [Eastern Daylight Time] * SVR:NYFAX001/0 * DNIS:2903 * CSID: * DURATION (mm-ss):02-02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------X
ILYA KRAVETS and ELEONORA ROSINA,

                Plaintiffs,                VERIFIED COMPLAINT

     - against -                       Index No.: **21414/04**

STEVEN A. TORRES and ELRAC, INC. d/b/a
ENTERPRISE RENT-A-CAR,

                Defendants.
------------------------------------------------------X

       The plaintiffs, by their attorneys, RAPPAPORT, GLASS, GREENE & LEVINE, LLP, complaining of the defendants, state and allege as follows:

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF, ILYA KRAVETS:

    1.    At all times hereinafter mentioned, the plaintiffs were and still are residents of the County of Kings, State of New York.

    2.    Upon information and belief, and at all times hereinafter mentioned, the defendant, STEVEN A. TORRES, was a resident of a state other than the State of New York.

    3.    Upon information and belief, and at all times hereinafter mentioned, the defendant, ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, was a foreign corporation duly authorized to do business in the State of New York.

    4.    At all times hereinafter mentioned, the plaintiff, ILYA KRAVETS, operated a 2001 International bus bearing New York State license plate number BZ4308.

    5.    Upon information and belief, and at all times hereinafter mentioned, the defendant, ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, owned and/or was the lessor of a 2001 Chrysler motor vehicle bearing New York State license plate number AWF3178.

    6.    Upon information and belief, and at all times hereinafter mentioned, the defendant, ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, leased the aforesaid 2001 Chrysler motor vehicle to the defendant, STEVEN A. TORRES.

    7.    Upon information and belief, and at all times hereinafter mentioned, the defendant,

08/03/04 14:53 FAX 440 14 2291  UFAC-CLAIMS  ☒010
Case 1:04-cv-03398-NGG-JO   Document 1   Filed 08/09/04   Page 5 of 11 PageID #: 5

☒005/006

07/30/04 12:08 FAX

STEVEN A. TORRES, was the lessee of the aforesaid 2001 Chrysler motor vehicle.

8. Upon information and belief, and at all times hereinafter mentioned, the defendant, STEVEN A. TORRES, operated the aforesaid 2001 Chrysler motor vehicle with the permission, expressed or implied, of the defendant, ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR.

9. At all times hereinafter mentioned, Coney Island Avenue and Avenue Z, in Brooklyn, New York, were and still are public roadways and/or thoroughfares within the County of Kings, State of New York.

10. On or about December 11, 2001, at the aforementioned location, the defendants' Chrysler motor vehicle came into contact or collided with the International bus operated by the plaintiff, ILYA KRAVETS.

11. The foregoing collision was a result of the negligence of the defendants, which consisted of: failing to keep their motor vehicle under proper control; failing to observe the traffic conditions prevailing in the roadway; failing to maintain a safe distance behind the plaintiff's motor vehicle; following too closely; traveling at an excessive rate of speed under the circumstances; inattention; failing to stop and/or slow down as the traffic flow dictated; failing to keep the brakes and braking equipment in good and working condition and/or failing to seasonably and reasonably apply the same; failing to give any and/or proper and/or adequate signals or warnings of approach and/or danger; failing to keep proper position on roadway; failing to stop their motor vehicle prior to collision and/or impact; failing to take such care and caution so as to have avoided the occurrence; and otherwise operating their motor vehicle in a reckless, careless and negligent manner.

12. As a result of the foregoing, the plaintiff, ILYA KRAVETS, suffered a "serious injury" as such term is defined in the Insurance Law of the State of New York.

13. By reason thereof, the plaintiff, ILYA KRAVETS, is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of "basic economic loss" as such term is defined in the Insurance Law of the State of New York.

14. The limitations of liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exceptions set forth in CPLR Section 1602.

08/03/04 14:54 FAX 440 914 2291   UFAC-CLAIMS   @011
Case 1:04-cv-03398-NGG-JO   Document 1   Filed 08/09/04   Page 6 of 11 PageID #: 6

07/30/04 12:05 FAX   @006/006

15. By reason of the defendants' aforementioned negligence, the plaintiff, ILYA KRAVETS, sustained serious bodily injuries with accompanying pain and suffering and was rendered sick, sore, lame and disabled, and said injuries are permanent; and he has for some time been confined to his home and has required medicine and medical attention, and has been and will be prevented from pursuing his usual and ordinary vocation, all to his damage in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF ELEONORA ROSINA:

16. The plaintiff, ELEONORA ROSINA, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" of this Complaint as though said allegations were more fully set forth at length herein.

17. At all times hereinafter mentioned, the plaintiff, ELEONORA ROSINA, was and still is the spouse of the plaintiff, ILYA KRAVETS.

18. By reason of the foregoing, the plaintiff, ELEONORA ROSINA, was deprived of the services, society and consortium of the plaintiff, ILYA KRAVETS, and as such, has been deprived of his love, companionship, affection, consortium, solace and other matrimonial relationships, and has necessarily expended and become obligated to expend diverse sums of money for medical aid and attention in endeavoring to cure the plaintiff, ILYA KRAVETS, of his injuries, all to her damage in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein.

WHEREFORE, the plaintiffs demand judgment on the First and Second Causes of Action against the defendants in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction herein, together with the costs and disbursements incurred in the prosecution of this action.

Dated: Melville, New York
July 2, 2004

RAPPAPORT, GLASS, GREENE & LEVINE, LLP
Attorneys for Plaintiffs

By: _____
MICHAEL S. LEVINE
445 Broad Hollow Road, Suite 215
Melville, New York 11747
(631) 293-2300

08/03/04 14:54 FAX 44_ _14 2291   UFAC-CLAIMS                   ☒013
Case 1:04-cv-03398-NGG-JO   Document 1   Filed 08/09/04   Page 8 of 11 PageID #: 8

07/30/04 12:05 FAX                                                      ☒003/003

STATE OF NEW YORK)
                 ss.:
COUNTY OF SUFFOLK)

    I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

    The reason this verification is made by me and not by plaintiff is because the plaintiff resides outside the county wherein your deponent maintains his office.

    The grounds of my belief as to all matters not stated upon my own knowledge are as follows: Information maintained in my file in the regular course of business.

    I affirm that the foregoing is true, under the penalties of perjury.

Affirmed:   Melville, New York
            July 2, 2004

                                                        */s/ Michael S. Levine*
                                                          MICHAEL S. LEVINE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------X
ILYA KRAVETS and ELEONORA ROSINA,                    NOTICE TO
                                                     STATE COURT
        Plaintiffs,                          OF REMOVAL OF CIVIL
                                                     ACTION TO FEDERAL COURT
   -against-

STEVEN A. TORRES and ELRAC, INC. d/b/a
ENTERPRISE RENT-A-CAR,                               Index No. 21414/04

        Defendants.
-------------------------------------------------------------X

TO:   THE CLERK OF THE ABOVE-ENTITLED COURT

    PLEASE TAKE NOTICE, that defendants, STEVEN A. TORRES and ELRAC, INC. i/s/h/a ELRAC, INC. d/b/a ENTERPRISE RENT-A-CAR, on August 5, 2004, filed in the United States District Court, Eastern District of New York, a Notice to Federal Court of Removal of Civil Action from State Court. A copy of this Notice of Removal is annexed hereto.

    PLEASE TAKE FURTHER NOTICE, that by the filing of said Notice of Removal, and by the filing of this Notice to State Court herein and a copy of same in the Federal Court, the above-entitled action has been removed from this Court to the United States District Court, Eastern District of New York, pursuant to 28 U.S.C. §§ 1441 and 1446, and this Court may proceed no further unless and until the case is remanded.

DATED:   Garden City, New York
           August 5, 2004

                                    STEVEN A. TORRES and ELRAC, INC.
                                    d/b/a ENTERPRISE RENT-A-CAR
                                    By their attorneys:

                                    BRAND GLICK & BRAND, ESQS.

                                    By: _____
                                       ROBERT A. GLICK (RG 8081)
                                  100 Ring Road West
                                  Garden City, New York 11530
                                  (516) 746-3500

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------X | Civil No. _____ |
| ILYA KRAVETS and ELEONORA ROSINA, | NOTICE TO PLAINTIFF'S<br>COUNSEL OF FILING OF<br><u>NOTICE OF REMOVAL</u> |
| Plaintiffs, | |
| -against- | |
| STEVEN A. TORRES and ELRAC, INC. d/b/a<br>ENTERPRISE RENT-A-CAR, | |
| Defendants.<br>----------------------------------------------------------X | |

TO: RAPPAPORT, GLASS, GREENE & LEVINE, LLP
      445 Broad Hollow Road
      Melville, New York 11747

      Attorneys for Plaintiffs

PLEASE TAKE NOTICE, that defendants, have this day filed in the United States District Court for the Eastern District of New York a Notice of Removal of the above-entitled action from the Supreme Court, County of Kings, State of New York to the United States District Court, pursuant to 28 U.S.C. §§1441 and 1446.

DATED:    Garden City, New York
               August 5, 2004

                                                   STEVEN A. TORRES and ELRAC, INC.
                                                   d/b/a ENTERPRISE RENT-A-CAR
                                                   By their attorneys,

                                                   BRAND GLICK & BRAND, ESQS.

                                                   By: _____
                                                        ROBERT A. GLICK (RG 8081)
                                                   100 Ring Road West
                                                   Garden City, New York 11530
                                                   (516) 746-3500

Case 1:04-cv-03398-NGG-JO   Document 1   Filed 08/09/04   Page 11 of 11 PageID #: 11